The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner William C. Bost and the briefs and arguments on appeal. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or to amend the Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 25 October 1994 as:
STIPULATION
In addition to the stipulations contained in the Pre-Trial Agreement, the parties furthermore stipulated to the employee's average weekly wage being $268.80. The employer also introduced into evidence defendant's Exhibit Numbers One, Two and Three.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff was hired to work for the employer in Gaston County, North Carolina as a cezoma winder beginning on 23 September 1991. She worked until 5 January 1992 at which time she went out on medical leave as a result of a carpal tunnel operation. The job of a cezoma winder entailed keeping four ends up on each machine by making sure that tubes were placed in the proper place on the machine, threading thread through holes and bringing it down to eventually run back on a tube of thread. That part of her job would be to pull a bar down, put the thread in and rethread on several occasions. This process would be done every five minutes, and in addition she would carry a pair of scissor snipes and cut the thread from the spool if it became stuck. Her job also entailed counting threads, snipping the ends off of bag, and then putting together boxes and packing the threads of yearn in the box. That on a particular eight-hour shift she would pack and make approximately 20 to 30 boxes, and in addition she would be responsible for pouring liquid into machines. That the Court also viewed a video that was introduced into evidence, which showed the plaintiff performing these tasks, although not in the repetitive fashion which she testified frequently occurred.
2. Prior to her employment with the defendant-employer, the plaintiff had been employed at various textile mills, although she testified that she had not run a cezoma winder.
3. Soon after plaintiff started work with the defendant-employer, she began to experience numbness and pain in her hand. That her testimony at the hearing said this was in December of 1991.
4. Plaintiff first saw Dr. Patel in January of 1992, and that Dr. Patel referred her to Dr. Siva who performed nerve conduction studies. Dr. Siva performed surgery on her right hand on 14 February 1992. That the employee never underwent surgery on the left hand.
5. Employee missed time from her employment from 15 January 1992 until 23 May 1992, during which time she drew unemployment benefits which should be credited to the employer in the amount of $1,985.00.
6. Prior to this hearing the employee was referred to Dr. Naso in Charlotte, North Carolina, who had nerve conduction studies performed, which were normal. That Dr. Naso felt that she could perform work based upon the condition that he saw when he examined her.
7. The employee was released to return to work and voluntarily took pregnancy leave beginning on 23 May 1992. Subsequent to her employment at Threads, she began working in November of 1992 as a school bus driver and then working at Sexton Janitorial. She testified that while working at Sexton Janitorial her left hand started bothering her and that her hands caused her pain during this job.
8. The Full Commission finds that there is not sufficient medical evidence in the record that the plaintiff's employment at Dixie Yarns placed her at an increased risk of developing carpal tunnel syndrome, and the Court specifically finds that her job at Dixie Yarns was not repetitive enough to have caused or aggravated her carpal tunnel syndrome although it did involve the use of her hands.
9. The medical evidence from the doctors fails to establish that her employment was a significant contributing factor or that her job placed her at an increased risk of developing carpal tunnel syndrome, as compared to the general public.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSION OF LAW
Plaintiff did not contract carpal tunnel syndrome as an occupational disease due to causes and conditions characteristic of and peculiar to her particular employment as a winder pursuant to N.C.G.S. § 97-53(13).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusion of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for benefits is hereby DENIED.
2. Defendant shall pay the costs.
 S/ ______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ____________________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
S/ ____________________ COY M. VANCE COMMISSIONER
TJB/mj 3/21/96